

MAR 21 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEON TOWNSEND,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>    Respondent. | Cause No. CV 19-18-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 14, 2019, Petitioner Deon Townsend filed a petition challenging his continued detention under a fugitive from justice warrant issued by the State of Idaho. See generally, (Doc. 1 at 1-2); see also, (Doc. 3-1 at 5-15.)

Mr. Townsend seeks relief under 28 U.S.C. § 2241. 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other

1

reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. For the reasons explained below, Townsend's petition should be dismissed for failure to exhaust.

I. **Exhaustion**

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.* The Ninth Circuit, however, "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under §2241." *Id.*

The Montana Legislature has specifically outlined the judicial procedure an accused individual is to utilize when challenging an arrest pursuant an extrajudicial warrant:

> If the prisoner or the prisoner's counsel states that the prisoner or the prisoner and counsel desire to test the legality of the prisoner's arrest, the judge of the court of record shall fix a reasonable time to be allowed the prisoner within which to apply for a writ of habeas corpus. When the writ is applied for, notice of the writ and of the time and place of the hearing on the writ must be given to the prosecuting officer of the county in which the arrest was made and in which the accused is in custody and to the agent of the demanding state.

Mont. Code. Ann. §46-30-217. Additionally, Townsend may file a petition for a

2

writ of habeas corpus as an original proceeding with the Montana Supreme Court. See e.g., MCA §46-22-202(1); see also, *Thomas v. Doe*, 2011 MT 283, ¶6, 362 Mont. 454, 266 P. 3d 1255.

The exhaustion requirement under Section 2241 may be waived or excused in certain circumstances, including: where the remedy provides no genuine opportunity for adequate relief, or pursuit of the remedy would be futile; irreparable injury might occur without immediate judicial relief; the remedial proceedings would be void; or some instances of a complaining party's raising a substantial constitutional question. *Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994).

None of the documents provided by Townsend indicate that he has attempted to follow the procedure outlined in MCA §46-30-217 to challenge his arrest and continued detention. Likewise, the Montana Supreme Court docket reveals Townsend has not initiated an original habeas action.[1] Nor has Townsend established that the state judicial procedures available to him are futile or that irreparable injury will occur without this Court's intervention.

Townsend has not provided a legal or factual basis for his failure to challenge the Idaho warrant in the state courts. Accordingly, Townsend's failure

---

[1] See, Montana Supreme Court Docket, available at: https://supremecourtdocket.mt.gov/ (accessed March 20, 2019).

3

to exhaust his judicial remedies under §2241 warrants dismissal of his petition. Dismissal should be without prejudice, allowing Townsend to return to this Court if and when he exhausts his state judicial remedies.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Townsend has not demonstrated a substantial showing of the denial of a constitutional right. Further, because Townsend has not exhausted available judicial remedies, reasonable jurists would find no reason to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Townsend's Petition (Doc. 1) should be DISMISSED without prejudice for

failure to exhaust.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Townsend may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Townsend must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of March, 2019.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Townsend is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.